DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
JONAS LERMAN (CABN 274733)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3918
   Fax: (510) 637-3724
   Email: robert.leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A RESIDENCE IN OAKLAND, CALIFORNIA | Case No. 4-19-70053 KAW<br><br>UNITED STATES' SUPPLEMENTAL BRIEF REGARDING MOOTNESS<br><br>Date: April 17, 2019<br>Time: 10:30 a.m.<br>Duty Judge: The Honorable James Donato |

At this Court's April 17, 2019, hearing on the United States' request for review of the duty Magistrate Judge's order regarding the search warrant application in this matter, the Court requested supplemental briefing about the appropriate remedies if the review is deemed moot. The United States respectfully submits the Court has power to vacate the order if even the matter is moot.

**A.    This matter is not moot**

First, the United States reiterates its position that the matter is not moot. *See* ECF No. 2 at 4–5 (explaining why this matter is not moot). The dispute here "is capable of repetition, yet evading review." *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). "A dispute is capable of repetition if 'there [is] a reasonable expectation that the same complaining party would be subjected to the same action again'; it is likely to evade review if 'the challenged action was in its duration too short to be fully

litigated prior to its cessation or expiration.'" *Unabom Trial Media Coalition v. U.S. Dist. Court for Eastern Dist. of California (Sacramento)*, 183 F.3d 949, 950 (9th Cir. 1999) (alteration in original) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)).

Put another way, this exception to mootness "applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Davis v. FEC*, 554 U.S. 724, 735 (2008) (internal quotations omitted); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Here, the government can expect to be subjected to the same action in the future because Magistrate Judge Westmore has made clear she will not sign future search warrants that authorize the government to unlock electronic devices using biometrics.  And the time-sensitive nature of search warrant applications means that the government may be hard pressed to fully litigate such denials in the future.  *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th Cir. 1989) (where newspaper challenged sealing order, rejecting government's argument that case was moot, because "there is a reasonable expectation that the Sun will be subject to another sealing order denying it access to an affidavit," and "[w]e are convinced that this kind of secrecy order is usually too short in duration to be litigated fully," where "[t]he affidavit was unsealed within eight months after the Sun filed its petition"); *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982) ("The controversy between the parties in this case is indeed 'capable of repetition, yet evading review.'  It can reasonably be assumed that Globe, as the publisher of a newspaper serving the Boston metropolitan area, will someday be subjected to another order relying on [Massachusetts General Laws] § 16A's mandatory closure rule [excluding press and general public from courtroom during testimony of minor victims of specified sexual offenses].  And because criminal trials are typically of 'short duration,' such an order will likely 'evade review, or at least considered plenary review in this Court.'" (citations omitted)); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 6 (1986) (same reasoning); *Gannett Co. v. DePasquale*, 443 U.S. 368, 377–78 (1979) (same); *Unabom Trial Media Coalition*, 183 F.3d at 951 (noting that "[p]ost-trial release of previously sealed transcripts does not necessarily render a case moot" and that "the 'capable of repetition, yet evading review' exception applied" in those prior cases "because the press was reasonably likely to face

similarly short-lived closure orders in the future" (citing *Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 946 (9th Cir. 1998); *United States v. Brooklier*, 685 F.2d 1162, 1165 (9th Cir. 1982)).[1]

### B. Even if the case is moot, the Court has authority to vacate the magistrate's order

Even if this case is moot, however, the Court has inherent authority to vacate its own order. And to be clear, the magistrate's order *is* this Court's order. The magistrate is appointed by the Court, 28 U.S.C. § 631(a), and operates under a delegation of the Court's authority, 28 U.S.C. § 636, and subject to this Court's supervision. "Under [28 U.S.C.] § 636(b)(1)(B) the 'authority and the responsibility to make an informed, final determination rests with the judge. . . . The delegation of duties to the magistrate does not violate Article III if the ultimate decision is made by the district court.'" *Hunt v. Pliler*, 384 F.3d 1118, 1124 (9th Cir. 2004) (ellipsis in original) (quoting *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)); *see also Gomez v. United States*, 490 U.S. 858, 867–68 (1989). The Ninth Circuit "has emphasized that 'the district court must actually exercise its discretion, rather than summarily accepting or denying' the magistrate judge's findings." *Hunt*, 384 F.3d at 1124 (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

Courts have inherent authority to vacate their own orders even if the matter has become moot. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (appellate court should vacate lower court's judgment only under "exceptional circumstances," but district court may vacate its own judgment if equitable to do so); *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 07-M-1827 SI, 2012 WL 12369590, at *3 (N.D. Cal. Oct. 15, 2012) (Illston, J.) ("[U]nder Ninth Circuit and Supreme Court precedent, 'a district court may vacate its own [moot] decision in the absence of extraordinary circumstances.'" (quoting *American Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998))); *see also Dilley v. Gunn*, 64 F.3d 1365, 1370–71 (9th Cir. 1995) ("[W]hen an appellant renders his appeal moot by [settlement] . . . the district court can decide whether to vacate its judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing

---

[1] The Supreme Court's recent decision in *United States v. Microsoft*, 138 S. Ct. 1186, 1188 (2018), is not to the contrary. There, the mootness was caused by an underlying change in the statutory law (the Cloud Act), and thus it could not be said that denial of warrants issued under the statute before the enactment were capable of repetition yet evading review. *Id.*

1  values of finality of judgment and right to relitigation of unreviewed disputes.'" (quoting *Ringsby Truck*
2  *Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982))).

3      Appellate courts also have authority—albeit somewhat narrower authority—to vacate lower
4  courts' orders even if the case has become moot. *See Alvarez v. Smith*, 558 U.S. 87, 94 (2009) ("The
5  statute that enables us to vacate a lower court judgment when a case becomes moot is flexible," and "we
6  normally do vacate the lower court judgment in a moot case because doing so 'clears the path for future
7  relitigation of the issues between the parties' . . . ." (citing 28 U.S.C. § 2106)); *Robinson v. Pfizer, Inc.*,
8  855 F.3d 893, 898 (8th Cir. 2017); *Reiter v. Universal Marion Corp.*, 273 F.2d 820, 825 (D.C. Cir.
9  1960) ("In dismissing a case as moot, an appellate court may vacate the orders or judgments below in
10 order to avoid prejudice to a party.").

11     "*U.S. Bancorp* makes clear that the touchstone of vacatur is equity." *Dilley*, 64 F.3d at 1370.
12 Here, vacatur is the appropriate remedy. The magistrate's decision – issued without briefing or
13 argument – is wrong and has the potential to sow confusion throughout this District and others. Agents
14 and prosecutors with time sensitive investigations may decide to forego lawful investigative techniques
15 rather than lose valuable time in an appeal. While the government's decision here to submit a new
16 warrant application brought with it questions about mootness, it bears emphasis this decision was borne
17 of concerns that publicity around the order would cause the suspects to impede the investigation.
18 Notably, no litigant will be harmed be vacatur.

19     For these reasons, whether or not the matter is moot, the Court has power to and should vacate
20 the Magistrate's order.

21 Dated: May 1, 2019                Respectfully submitted,

22                                 DAVID L. ANDERSON
                                United States Attorney
23

24                                 _/s/_
                                _____
25                                 ROBERT S. LEACH
                                JONAS LERMAN
26                                 Assistant United States Attorneys

27

28

U.S.' SUPPLEMENTAL BRIEF REGARDING
MOOTNESS, No. 4:19-MJ-70053 KAW      4