DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
JONAS LERMAN (CABN 274733)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    robert.leach@usdoj.gov
    jonas.lerman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A RESIDENCE IN OAKLAND, CALIFORNIA | CASE NO. 19-MJ-70053 JD<br><br>**UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY** |

The United States writes to notify the Court of a pertinent recent decision from another court in this circuit.

Three days ago, Chief Judge David C. Nye of the District of Idaho decided *In the Matter of the Search of a White Google Pixel 3 XL Cellphone in a Black Incipio Case*, No. 19-MJ-10441-DCN, 2019 WL 3401990 (D. Idaho July 26, 2019), vacating the order of a magistrate judge who had denied the government's search warrant application.

In that search warrant application, the government "sought permission to place a subject's finger on a cellphone to unlock the phone to conduct a forensic search." *Id.* at *1. The magistrate judge denied the application. *Id.* Like Magistrate Judge Westmore here, the Idaho magistrate judge held "that the compelled pressing of the fingerprint to the cellphone sensor would violate the Fifth Amendment's

privilege against self-incrimination." *Id.* at *3. The magistrate judge "reasoned that compliance with a warrant authorizing an attempt by law enforcement to unlock the phone with the individual's fingerprints inescapably requires a compelled testimonial communication because the individual would provide a 'compulsory authentication of incriminating information' and would 'aid in the discovery, production, or authentication of incriminating evidence.'" *Id.* (citation omitted).

The government moved the district court to reverse or vacate the magistrate's order. *Id.* at *1. Chief Judge Nye granted the government's motion.

First, Chief Judge Nye ruled that the matter was not moot—even though "any decision by the court in this case will have no impact on this case," since too much time had passed for the government to unlock the cellphone in question with a fingerprint. *Id.* at *2–*3. "The prevalence of cellphones continues to rise and the Government's applications for search warrants for biometric data likewise continues to rise. A search warrant must be processed within 48 hours of the Government's seizure of a cellphone or the biometric data becomes meaningless." *Id.* at *3. Chief Judge Nye therefore concluded that "[t]his situation fits the 'capable of repetition, yet evading review' exception to the mootness doctrine," and so the government's "motion can be heard and decided despite the mootness of the issue due to this exceptional situation." *Id.*

Turning to the merits, Chief Judge Nye held that the warrant would not violate the Fifth Amendment because biometric decryption involves no testimonial communication. *Id.* at *3–*7. After reviewing caselaw—and disagreeing with the magistrate's decision here, *id.* at *6—Chief Judge Nye concluded:

> Where, as here, the Government agents will pick the fingers to be pressed on the Touch ID sensor, there is no need to engage the thought process of the subject at all in effectuating the seizure. The application of the fingerprint to the sensor is simply the seizure of a physical characteristic, and the fingerprint by itself does not communicate anything. It is less intrusive than a forced blood draw. Both can be done while the individual sleeps or is unconscious. Accordingly, the Court determines—in accordance with a majority of Courts that have weighed in on this issue— that the requested warrant would not violate the Fifth Amendment because it does not require the suspect to provide any testimonial evidence.

*Id.* at *7 (footnotes omitted).

//

The decision is attached.

DATED: July 29, 2019                  Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

          /s/
JONAS LERMAN
ROBERT S. LEACH
Assistant United States Attorneys